CLARK HEMPSTEAD v. CHARLES C. LELAND and Another.[1]

June 10, 1910.

Nos. 16,556—(94).

**Ratification of illegal foreclosure of mortgage.**
The facts, as found by the trial court, warrant the conclusion that appellants confirmed the transaction by failing, within a reasonable time, to

[1] Reported in 126 N. W. 736.

take any steps to repudiate an illegal and unauthorized mortgage fore-
closure, and by accepting a new mortgage with the same and additional
security from the guarantor of the original debt.

Action in the district court for Hennepin county by plaintiff as
trustee in bankruptcy of Charles C. Leland to avoid certain pre-
tended transfers of real estate from the bankrupt to his wife made
to hinder and delay his creditors, more particularly C. F. Boshart
and E. J. Boshart, and that defendant Mary W. Leland account to
plaintiff for the proceeds of the portions of the real estate disposed
of by her. The answer set up that Daniel W. Lane was the agent
of William Boshart and had full knowledge of all the facts alleged,
and William Boshart and those who succeeded to his interest had
full notice and knowledge of the making of the deeds described in the
complaint, and their acquiescence therein and laches were so pro-
longed that plaintiff should not be heard to attack the deeds. The
reply denied that the deeds were made upon any good or valuable
consideration or any consideration whatever, or without any plan
to hinder, delay or defraud the creditors of Charles C. Leland;
admitted that Daniel W. Lane was the agent of William Boshart,
but denied that plaintiff had any knowledge as to whether Lane had
knowledge of the facts stated in the answer. The case was tried before
Donahue, J., who died before the decision was rendered, and the
record, by stipulation of the parties, was submitted to Brooks, J.,
who made findings of fact and as conclusions of law ordered judg-
ment in favor of defendants. From an order denying plaintiff's
motion to amend the findings, or for an order vacating the decision
of the court and granting a new trial, he appealed. Affirmed.

*A. R. Taylor,* for appellant.

*Charles J. Tryon* and *Brown, Albert & Guesmer,* for respondents.

LEWIS, J.

On October 15, 1892, Henry A. Camp executed three promissory
notes, of $1,000 each, due two years after date, to Frank K. Wade,
and secured each note by a mortgage upon one of the lots in Badger
& Penney's addition to Minneapolis, involved in this controversy.

111 M.—15.

On March 22, 1893, these notes were all guaranteed by Charles C. Leland, one of the respondents, and by D. W. Lane, and thereupon the notes and mortgages were sold, assigned, and delivered to William Boshart, in Lowville, New York, at the full face value of $3;000. Soon after the maturity of the notes, and on October 15, 1894, the notes and mortgages then being in possession of Charles D. Boshart, a brother of William Boshart, Mr. Leland and Mr. Lane, acting together in interest, and without the knowledge, consent, or authority of William Boshart or his brother, caused the mortgages to be foreclosed by advertisement, and at the foreclosure sale the property was bid in in the name of Lane, who, with his wife, conveyed the same to Leland. On December 14, 1897, Leland executed a new note of $3,000, payable to William Boshart, and secured it by a mortgage of date October 15, 1897, conveying the same property above described, and in addition thereto a one-half interest in thirty lots in Bernstein's first addition to Minneapolis. This mortgage was foreclosed January 9, 1901, and $1,700 was realized and indorsed on the mortgage note. In 1899 William Boshart died, and his administrators brought an action against Charles C. Leland and his wife in the Hennepin county district court, and recovered judgment for $2,215.25, the unpaid portion of the note. In June, 1908, Charles. C. Leland filed a voluntary petition in bankruptcy, and the judgment was filed as a claim against his estate.

Appellant, as Leland's trustee in bankruptcy, then commenced this action for the purpose of setting aside certain deeds executed August 1, 1894, by respondents to George A. Woodbury, and by Woodbury and his wife to Mary W. Leland; both deeds being recorded January 2, 1897. The trustee assumes that the original indebtedness of Leland as the guarantor of the Camp notes had never become extinguished by the execution and delivery of the second note of $3,000 to William Boshart. The trial court found that the Camp mortgages were not legally foreclosed, because of failure to comply with the statute; that the conveyances to Mrs. Leland, through Woodbury,. were in fraud of the creditors of Mr. Leland; that neither William Boshart, during his lifetime, nor his representatives or legatees, ever repudiated the foreclosure of the Camp mortgage, or disaffirmed the

acts of those who undertook to foreclose the same in the name of William Boshart; that all of them asserted rights based on such foreclosure, and received and retained benefits accruing therefrom; and the court concluded that the representatives and grantees of William Boshart had by their conduct affirmed the foreclosure, and judgment was ordered for respondents.

The record presents one question only, and that is whether the findings of fact sustain the conclusions of law. The evidence may be examined, however, for the purpose of understanding the scope and meaning of the findings of fact.

Mr. Lane was a relative and the representative of Mr. Boshart. According to the evidence the original investment in the Camp mortgages guaranteed by Mr. Lane and Mr. Leland were made upon the advice of Mr. Lane, and at a subsequent time Lane expressed his desire to get those notes into better shape, and they were sent to him by Mr. Boshart. Apparently the change in the nature of the notes and the security resulted to the advantage of Boshart, and it will not be assumed that the foreclosure was undertaken for a fraudulent purpose, although it was without the knowledge or authority of Boshart, and was for the advantage of Lane and Leland. So far as the findings inform us, the new note, given by Leland and secured by the additional real estate, was delivered to Boshart upon its execution, by the terms of which he was fully informed that the property thereby conveyed included the three lots which he formerly held under the Camp mortgages. By accepting this new note he was informed that the status of Leland, as a guarantor of the Camp notes, had been changed to an original debtor, thereby assuming as his own an obligation which he was only conditionally obligated to pay. Boshart also had constructive notice by the record of the instrument that the real estate covered by the Camp mortgages had been bid in by Lane and conveyed to Leland. Boshart held the new note and mortgage from December, 1897, to the time of his death in 1899, and from that time down to the time of its foreclosure his representatives were in possession of the instruments and knew of the facts. No steps were ever taken to repudiate the transaction, and no proceed-

ings were ever taken to set aside the transfer from Mr. Leland to his wife, through Woodbury, until 1908.

Upon this state of facts we are of opinion that the trial court properly held that the parties waived their rights, if any existed, had affirmed the transaction, and were estopped from attacking the validity of the conveyance.

.Affirmed.